IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) | Civ. No. 09-00176 ACK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDUSTRIAL PHARMACY MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT INDUSTRIAL PHARMACY MANAGEMENT'S
MOTION TO DISMISS

Defendant Industrial Pharmacy Management, LLC, moves
this Court for dismissal on the basis that this Court lacks
subject matter jurisdiction over Plaintiff State Farm's Complaint
because the Complaint is an impermissible collateral attack.  The
Court finds that the Complaint does not constitute an
impermissible collateral attack.  Accordingly, the Court has
subject matter jurisdiction over the matter and the Motion to
Dismiss is denied.

PROCEDURAL BACKGROUND

On April 17, 2009, Plaintiff State Farm Mutual
Automobile Insurance Company ("State Farm") filed a complaint in
this Court ("Complaint") against Defendant Industrial Pharmacy
Management, LLC ("IPM").  The Complaint asserts three counts

1

against IPM:  insurance fraud in violation of Hawai'i Revised Statutes ("H.R.S.") § 431:10C-307.7 ("Count I"), common law fraud ("Count II"), and a request for declaratory relief that IPM is not permitted to bill State Farm for prescription drugs pursuant to Hawai'i Administrative Rules ("H.A.R.") § 16-23-114(c) and that IPM is not a "provider" as the term is defined in H.A.R. § 16-23-1 ("Count III").  Complaint ¶¶ 43-62.  Therefore, State Farm requests that this Court award damages against IPM as to Counts I and II, and enter a declaration as to Count III. Complaint at 12.

On May 7, 2009, IPM filed a Motion to Dismiss Complaint for Lack of Jurisdiction ("Motion") pursuant to Fed. R. Civ. P. 12(b)(1).  IPM attached to the Motion the declaration of Laura D. A. Price ("Price Decl."), counsel for IPM, which authenticates exhibits 1-8 of the Motion.

On July 23, 2009, State Farm filed a Memorandum in Opposition to the Motion ("Opposition").  State Farm attached to its Opposition the Declaration of Patricia Kehau Wall, counsel for State Farm, which authenticates exhibit A to the Opposition, i.e., the Declaration of Catherine McLellan ("McLellan Decl."), a claim representative for State Farm.

On July 30, 2009, IPM filed a Reply in Support of the Motion ("Reply").  The Court held a hearing on the Motion on August 10, 2009.

2

## FACTUAL BACKGROUND[1]

State Farm is an Illinois insurance company that provides, _inter alia_, automobile insurance coverage, including personal injury protection ("PIP") coverage, to individuals in Hawai'i.  Complaint ¶¶ 1, 8.  IPM is a California limited liability company that provides management and billing services to physicians who distribute medications directly from their office.  See Complaint ¶ 2; Motion at 1.  As part of its services, IPM submits claims to insurance companies like State Farm, for medications prescribed and distributed by physicians under patients' PIP coverage.  Motion at 1.

State Farm alleges that IPM runs an office at WorkStar Hawaii ("WorkStar"), a clinic located within the St. Francis Medical Office Plaza in Ewa Beach, Hawai'i.  Id. ¶¶ 9, 13.  State Farm contends that, from this office, IPM employees dispense medications.  Id. ¶ 13.

Since September 2004, IPM has submitted hundreds of claims to State Farm for medications distributed under patients' PIP coverage with State Farm.  Id. ¶ 15.  Part of the claims process requires the physician to certify that the medications were necessary to the health of the patient and that the

---

[1] The facts as recited in this Order are for the purpose of disposing of the instant Motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

medications were personally furnished by the physician or by an employee directly under the physician's direction.  Id. ¶ 18. State Farm alleges, however, that the physicians at WorkStar did not personally distribute medications.  Id. ¶ 19.  Instead, IPM employees actually dispensed the prescribed medications.  Id. State Farm also claims that IPM billed for medications on dates where there is no record of the patient making a visit to the relevant physician or clinic at all, or where there is no record of the particular medications being prescribed.  Id. ¶¶ 23, 26.

In late 2007, after becoming aware of IPM's operation at WorkStar,[2/] State Farm sent letters to IPM, requesting additional documentation regarding IPM's compliance with Hawai'i law related to the dispensing and billing of medications. McLellan Decl. ¶¶ 13, 15; Price Decl. ¶¶ 4-5.  State Farm claims that these concerns arose after speaking with claimants who represented that they were never informed that they could obtain their medications at the pharmacy of their choice.  McLellan Decl. ¶ 14.

On September 11, 2007, IPM's President Michael Drobot responded to State Farm's inquiries by letter, attempting to respond to each of State Farm's written inquiries.  Motion Ex. 2. State Farm responded on September 19, 2007, stating that several

---

[2/] IPM contends that it does not run an office at WorkStar. Reply at 6-7.

4

of the issues remained unanswered and thus further contact with IPM's counsel would be necessary.  Motion Ex. 3.  IPM's counsel investigated the inquiries, and sent a response to State Farm on December 10, 2007 in an attempt to answer the legal questions raised by State Farm.[3/]  Motion Ex. 4.  State Farm did not reply to this letter and consequently denied several of IPM's claims on the basis that IPM had failed to provide the necessary information to process the claims.  Price Decl. ¶¶ 6, 10; Opposition at 10.

IPM responded by seeking administrative review with the State Insurance Commissioner ("Commissioner") of a representative group of the denied claims.  Opposition at 10; Price Decl. ¶ 11.  A hearing was set on October 16, 2008 before the Office of Administrative Hearings, Department of Commerce and Consumer Affairs, to review fifteen of the denied claims.[4/]  Price Decl. ¶ 14.  On October 10, 2008, six days before the hearing, State Farm decided to pay all fifteen claims set for review before the Hearings Officer.  Opposition at 10; Motion Ex. 7 at Ex. G.

---

[3/] State Farm contends that IPM responded by "form letter," and that this letter from IPM's counsel "provided little of the information sought by State Farm."  McLellan Decl. ¶ 16.

[4/] Initially, IPM requested review of twenty-six denied claims.  Motion at 3.  However, because PIP benefits were subsequently exhausted for some of the patients before the hearing date, only fifteen cases were ultimately presented for review.  Id.

After paying the denied claims, State Farm requested that the Hearings Officer dismiss the cases altogether as moot. Motion Ex. 5 at 3. IPM objected to this request on the basis that it wanted the Hearings Officer to make an award of attorney's fees first, as well as a declaration that State Farm was not authorized to request that providers submit information that is unrelated to the payment of PIP benefits. Id.

Although a hearing was held on October 16, 2008, the Hearings Officer ultimately determined that any substantive issues surrounding the denied claims were moot. Id. at 4. On January 5, 2009, the Hearings Officer issued Findings of Fact, Conclusions of Law, and a Recommended Order ("Recommended Order"), concluding that, "[a]s a result of [State Farm's] payment of all outstanding claims for PIP benefits involved in these cases, the issue of whether the subject denials were proper is moot." Id. The Hearings Officer also determined that IPM was entitled to discretionary attorney's fees and recommended "that the Commissioner in the exercise of his discretion pursuant to HRS § 431:10C-211(a) award to Provider [(IPM)[5/]] its reasonable attorney's fees and costs it incurred in pursuit of these

_____

[5/] The Court notes that the Hearings Officer never actually found that IPM was a provider or an agent but instead referred to IPM as "Provider" based on IPM's representation that it only acted as an agent for WorkStar. See Motion Ex. 5 at 1 (describing IPM in the background section of the Recommended Order as an agent of WorkStar). This was not a substantive determination, but one made for factual background purposes.

matters." Id.  The Hearings Officer did not address IPM's request for declaratory relief.

On January 21, 2009, State Farm filed its written exceptions to the Recommended Order.  Motion Ex. 6.  In its exceptions, State Farm argued that IPM was not entitled to attorney's fees since IPM admitted that it was not a provider, and that alternatively, the Commissioner should use his discretion to deny attorney's fees to IPM.  Id. at 3-4.  IPM responded on February 5, 2009, contending that it was an agent of WorkStar (who is a provider), and was thus entitled to attorney's fees.[6]  Motion Ex. 7 at 4-6.

On February 25, 2009, the Commissioner issued a Commissioner's Final Order ("Final Order"), adopting the Recommended Order.  Motion Ex. 8.  The Final Order stated that "in the exercise of his discretion pursuant to HRS § 431:10C-211(a), [the Commissioner] awards to Provider its reasonable

---

[6] In its statement in support of the Recommended Order, IPM discussed an earlier billing dispute review (apparently involving workers' compensation insurance policies not insured by State Farm) before the State of Hawai'i Department of Labor and Industrial Relations ("DLIR").  Motion Ex. 7 at 5.  IPM noted that, on its first request for billing dispute review, the DLIR refused to address the dispute because IPM was not a provider. Id.  However, after further review, the DLIR determined that the billing review could go forward with IPM acting on behalf of the providers.  Id. at 5-6.  IPM acknowledged that this finding was not binding on the Insurance Commissioner, but argued that it should be considered in the Commissioner's decision.  Id. at 6.

attorney's fees and costs it incurred in pursuit of these matters." Id. at 2.

The instant Complaint involves over four hundred claims paid by State Farm to IPM with the amount in controversy in excess of $75,000.00.  Complaint ¶ 20.  State Farm claims that all of these claims are separate and distinct from any of the claims that were the subject of review before the Commissioner. McLellan Decl. ¶ 4.  In fact, State Farm claims that none of the claims at issue in this action were denied.  Id.  Instead, each has been paid by State Farm to IPM, even though State Farm alleges that IPM's charges for medications were excessively high in comparison to Hawai'i pharmacies, thus leading to the premature exhaustion of several patients' PIP coverage.  Id. ¶¶ 4, 7-11.

**STANDARD**

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "When reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, '[the court] must accept all factual allegations in the complaint as true.'"  Ojo v. Farmers Group, Inc., 565 F.3d 1175, 1183 (9th Cir. 2009) (quoting Carson Harbor Village, Ltd. v. City of Carson, 353 F.3d 824, 826 (9th Cir. 2004).  However, "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of

subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). When ruling on a jurisdictional motion involving factual issues which also go to the merits, the moving party "should prevail only if the material jurisdictional

facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Casumpang v. Int'l Longshoremen's & Warehousemen's Union</u>, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Collateral attack is a jurisdictional issue that is properly addressed under a Rule 12(b)(1) motion. <u>See</u> <u>United States v. Lowry</u>, 512 F.3d 1194, 1203 (9th Cir. 2008) (affirming the district court's conclusion that it did not have jurisdiction to consider the defendant's collateral attack of her administrative proceedings).

## **DISCUSSION**

IPM contends that this Court lacks subject matter jurisdiction because the instant Complaint is a collateral attack on the Final Order issued by the Commissioner.[7/] Motion at 9. IPM argues that State Farm was required to challenge those orders

---

[7/] The Court limits its analysis to the issue of impermissible collateral attack. At least once, IPM makes reference to issues of collateral estoppel. <u>See</u> Reply at 2. However, collateral estoppel is not a jurisdictional issue, and thus is not properly addressed in the instant Motion to Dismiss. <u>See</u> <u>Rekhi v. Wildwood Indus., Inc.</u>, 61 F.3d 1313, 1317 (7th Cir. 1995) ("Collateral estoppel is a defense, and not a jurisdictional one, and it is waived by not being argued."); <u>Cross-Sound Ferry Services, Inc. v. Interstate Commerce Comm'n</u>, 934 F.2d 327, 342-43 (D.C. Cir. 1991) (Thomas, J., concurring) (acknowledging the "general rule that questions of claim or issue preclusion are non-jurisdictional"); <u>In re Justices of Supreme Court</u>, 695 F.2d 17, 26 (1st Cir. 1982) (finding that the defendants' "argument that the plaintiffs' claims are barred by res judicata and collateral estoppel is not jurisdictional"). Thus, the Court need not determine at this point the preclusive effect that any determination by the Insurance Commissioner or any other state agency may have <u>on the merits</u> of the Complaint.

through the administrative appeal process, i.e., by appealing the
Final Order to the State Circuit Court, which it did not do.  <u>See</u>
H.R.S. § 91-14(b).  State Farm counters that there can be no
issue of collateral attack here because the Commissioner did not
rule on any issue other than attorney's fees, which is not the
subject of State Farm's allegations.[8]  Opposition at 2.  The
Court finds that the Complaint does not make any allegations that
would collaterally attack the Final Order.  Therefore, this Court
has subject matter jurisdiction over the instant Complaint.

        "The collateral attack doctrine precludes litigants
from collaterally attacking the judgments of other courts."  <u>Rein</u>
<u>v. Providian Fin. Corp.</u>, 270 F.3d 895, 902 (9th Cir. 2001); <u>see</u>
<u>In re Estate of Kam</u>, 110 Hawai'i 8, 22-23, 129 P.3d 511, 525-26
(2006) ("'A collateral attack is an attempt to impeach a judgment
or decree in a proceeding not instituted for the express purpose
of annulling, correcting or modifying such judgment or decree.'"
(quoting <u>Kapiolani Estate v. Atcherly</u>, 14 Haw. 651, 661 (1903))).
Specifically, the collateral attack doctrine applies where a
court is asked to "re-examine and decide a question which has
been <u>finally determined</u>."  <u>City of Tacoma v. Taxpayers of Tacoma</u>,
357 U.S. 320, 334 (1958) (emphasis added).

_____

        [8] State Farm does not appear to contest that it would have
to appeal the Final Order to the State Circuit Court if in fact
it were challenging that Order.  Instead, State Farm's contention
is simply that it is not challenging any determination made as
part of the Final Order.  Opposition at 12.

In order to be an impermissible collateral attack of an earlier judgment, the relevant claims must have been directly ruled on in the prior proceeding.  See Skokomish Indian Tribe v. United States, 332 F.3d 551, 560 (9th Cir. 2003) (finding that the plaintiff's claims constituted an impermissible collateral attack of an earlier agency proceeding because the claims "were raised and addressed in the [earlier agency] proceeding" (emphasis added)); Gilbert v. Ben-Asher, 900 F.2d 1407, 1411 (9th Cir. 1990) (finding an impermissible collateral attack because the "'issue has already been litigated and decided'" (emphasis added) (quoting Gilbert v. Bd. of Med. Exam'rs of State of Arizona, 155 Ariz. 169, 175, 745 P.2d 617, 623 (App. 1987))); see also Lowry, 512 F.3d at 1203-04 (finding in impermissible collateral attack where the defendant was directly challenging the earlier agency determination to deny her request for an Indian allotment).

However, simply arguing an issue at a prior proceeding does not trigger the collateral attack doctrine.  That is, the earlier judgment must actually address that specific issue and make a determination in order for the doctrine to apply.  See Pub. Util. Dist. No. 1 of Grays Harbor County Washington v. IDACORP Inc., 379 F.3d 641, 652 n.12 (9th Cir. 2004) (finding no impermissible collateral attack "[i]n the absence of a finding by

[the agency]," even though the plaintiff had "advanced arguments" as to the specific issue in the proceedings before the agency).

IPM contends that in awarding attorney's fees to IPM in the Final Order, the Commissioner must have necessarily determined that IPM was permitted to act as an agent of a provider.[9/]  Reply at 4.  Thus, IPM argues, in seeking a declaration (in Count III) that IPM is in fact not permitted to bill insurers, State Farm is collaterally attacking the Commissioner's Final Order.  Id. at 5.  State Farm counters that the Final Order makes no actual determination as to IPM's status and thus there is no finding that could be collaterally attacked here.  Opposition at 12.  Further, State Farm argues that the Commissioner would have no jurisdiction to address State Farm's fraud claims (Counts I and II) in the first place.  The Court addresses these arguments in turn.

I.  **The Insurance Commissioner's Determination as to Attorney's Fees Did Not Require a Finding that IPM was Actually Entitled to Payment on the Claims.**

There are two provisions under Hawai'i insurance law that address the awarding of attorney's fees to parties who bring

---

[9/] The Court notes that the parties are disputing whether the Commissioner determined, under Hawai'i insurance law, that IPM is permitted to act as an agent of WorkStar and other providers in billing State Farm (and other insurers) for PIP benefits.  There is no dispute that IPM is not a provider itself. See Reply at 4 ("IPM agrees that it is not a provider.").  The dispute is whether IPM, as part of its services, may act on behalf of providers in billing insurers.

actions against insurers for denying PIP benefits. The first statute, H.R.S. § 431:10C-304(5) (the "mandatory provision"), applies to parties who prevail in their actions against insurers, and provides that:

> The insurer shall pay, subject to section 431:10C-211, in addition to the personal injury protection benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract.

H.R.S. § 431:10C-304(5). Under this provision, "an award of attorney's fees and costs is mandatory if a claimant prevails in a settlement or suit for no fault [(PIP)] benefits." Iaea v. TIG Ins. Co., 104 Hawai'i 375, 379, 90 P.3d 267, 271 (App. 2004).

The second statute, H.R.S. § 431:10C-211(a) (the "discretionary provision"), allows for attorney's fees in the discretion of the court or Commissioner, regardless of whether a party actually prevails in its action against the insurer. The discretionary provision provides, in relevant part:

> A person[10/] making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive, or frivolous. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

---

[10/] A "person" is defined for the purposes of this statute as "not only individuals, but corporations, firms, associations, and societies." H.R.S. § 431:10C-103.

H.R.S. § 431:10C-211(a).  Under this provision, "an award of attorney's fees and costs may, in the exercise of a court's or the Commissioner's discretion, be awarded to a nonprevailing claimant, as long as the claim is not determined to be unreasonable, fraudulent, excessive, or frivolous."  Iaea, 104 Hawai'i at 379, 90 P.3d at 271.

There is no dispute that in both the Recommended Order and the Final Order, attorney's fees were awarded to IPM under the discretionary provision.  See Motion Ex. 5 at 4 (recommending an award pursuant to H.R.S. § 431:10C-211(a)); Motion Ex. 8 at 2 (adopting the recommendation).  An award under this provision is plainly appropriate "regardless of whether the [party bringing the claim] prevailed on his or her claims, except when the claim is unreasonable, fraudulent, excessive, or frivolous."  Enoka v. AIG Hawaii Ins. Co., 109 Hawai'i 537, 560, 128 P.3d 850, 873 (2006); see Iaea, 104 Hawai'i at 380, 90 P.3d at 272 (explaining that the legislative history of the discretionary provision plainly lays out that attorney's fees under that statute "'would be compensated by the insurer whether the court supported the policyholder's claim or not unless the arbitrator or court determined that such claim was fraudulent, frivolous, or excessive'" (quoting Hse. Conf. Comm. Rep. No. 13, in 1973 House Journal, at 1221) (emphasis omitted)).

15

Along with the plain language of the discretionary provision itself, Hawai'i courts interpreting the statute have clarified that an award of attorney's fees under this provision has only two requirements.  See Iaea, 104 Hawai'i at 379, 90 P.3d at 271.  First, the discretionary provision "requires that attorney's fees and costs be treated separately from the underlying no-fault [(PIP)] benefits and [be] paid by the insurer directly to the insured's attorney."  Id.  Second, "attorney's fees and costs awarded must be reasonable, based on actual time spent and not based on an unreasonable, excessive, frivolous, or fraudulent claim."  Id.  A court, or the Commissioner, is not required to make any other finding in order to assess an award of attorney's fees under the discretionary provision.

In the Recommended Order, the Hearings Officer concluded that IPM was entitled to recover attorney's fees and that all other issues surrounding the claims were moot as a result of State Farm's payment.[11/]  Motion Ex. 5 at 4.  In the Final Order, the Commissioner merely adopted these conclusions as his own in awarding IPM its attorney's fees pursuant to the

---

[11/] These two determinations were set out separately as the two sole conclusions of law in the Recommended Order.  See Motion Ex. 5 at 4.  The Court notes that the Hearings Officer did refer to IPM as an agent of WorkStar in its background section of the Recommended Order.  Id. at 1.  However, the Hearings Officer never made a specific finding or conclusion to this effect, likely because it was not an issue directly raised by the parties, and because it was unnecessary to make such a finding in order to award attorney's fees.  See Motion Ex. 5 at 2-4.

discretionary provision.  Thus, neither order made any specific finding addressing the issue of whether IPM was permitted under Hawai'i law to act as an agent on behalf of WorkStar in seeking PIP benefits from State Farm.

Without such a specific finding from the Commissioner, the Court cannot find that State Farm is attempting an impermissible collateral attack on the Final Order.  See IDACORP, 379 F.3d at 652 n.12 ("In the absence of a finding by [the agency] . . . we do not believe that declaratory relief . . . is an impermissible collateral attack.").  In other words, without such a finding, there is nothing that can be collaterally attacked.  See Rein, 270 F.3d at 902 (finding that "the collateral attack doctrine does not apply to [plaintiff] because his claims were never addressed by a prior order or judgment").  Therefore, a determination by this Court as to Count III would not contradict the Commissioner's Final Order in any way.  See IDACORP, 379 F.3d at 652 n.12 (holding that, without a specific finding on the relevant issue in the earlier judgment, "[a] finding [in the present court proceeding as to the relevant issue] does not contradict, and would not call into question, [the agency's prior ruling]").

The Court notes that IPM admits that "[t]he Insurance Commissioner[] fail[ed] to include any language in his Order addressing whether the statutory prerequisites for an award of

17

attorney's fees had been met." Reply at 4.  Yet IPM maintains that even without an explicit finding, the Commissioner's authority to award attorney's fees under the discretionary provision required a finding that IPM was permitted to act on behalf of WorkStar in contesting the denial of PIP benefits.  Id.

It is true that a provider (along with an insured) may be entitled to an award of attorney's fees under the discretionary provision when that provider (or insured) initiates an action for denial of PIP benefits.  See Gov't Employees Ins. Co. v. Hyman, 90 Hawai'i 1, 7, 975 P.2d, 211, 217 (1999) ("The plain language of HRS § 431:10C-211(a) allows an award of reasonable fees and costs to any person, insured or provider, who contests a denial of [PIP] benefits for injuries.").  However, an award of fees under the discretionary provision does not necessitate a finding that the claimant in fact qualifies as a provider or an insured under the relevant statutes and regulations.  See Tirona v. State Farm Mut. Automobile Ins. Co., 821 F. Supp. 632, 635-36 (D. Haw. 1993) (finding that the claimant was entitled to fees under the discretionary provision even though the court determined that he did not qualify as an insured).  Instead, all that is required is that the claimant's

contention that it qualifies as an insured or a provider must not itself be unreasonable, fraudulent, excessive, or frivolous.[12/]

In a similar vein, IPM argues that the Commissioner must have found that IPM was permitted to bill State Farm as an agent of WorkStar because State Farm specifically argued, in its written exceptions to the Recommended Order, that IPM was not entitled to attorney's fees because it is not a provider.  Reply at 4; see Motion Ex. 6 at 3.  However, just arguing the issue before the Commissioner, without an actual determination as to that issue, does not create an impermissible collateral attack problem.  See IDACORP, 379 F.3d at 652 n.12 (finding no collateral attack problem even though the plaintiff "advanced

---

[12/] In other words, attorney's fees can be awarded, among other instances, where the Commissioner (or a court):  finds that the claimant in fact qualifies as an insured or provider; finds that the claimant does not qualify as an insured or provider; or makes no finding that the claimant does or does not qualify as either an insured or a provider, but determines that the argument for qualification itself, together with the rest of the claim for PIP benefits, is not unreasonable, fraudulent, excessive, or frivolous.  See Hyman, 90 Hawai'i at 7-8, 975 P.2d at 217-18 (awarding attorney's fees to a provider because he plainly had standing to contest the denial of PIP benefits); Tirona, 821 F. Supp. at 635 (awarding attorney's fees to an individual, even after determining that he did not qualify as an insured, because the argument that he fell within the statutory definition of an insured "was not so manifestly and palpably without merit").  Here, lacking any explicit finding, the Commissioner's only implicit determination as to IPM's status was that IPM's argument itself, i.e., that IPM was entitled to act on behalf of WorkStar as an agent, was not unreasonable, fraudulent, excessive, or frivolous.  Based on this finding, IPM was eligible for, and was ultimately awarded, attorney's fees under the discretionary provision regardless of whether IPM is actually permitted to act as an agent under the law.

arguments" of the specific issue at the earlier agency proceeding).  As noted above, the Commissioner was only required to determine that IPM's attorney's fees were reasonable and that the action itself was not unreasonable, fraudulent, excessive, or frivolous.  H.R.S. § 431:10C-211(a); <u>Iaea</u>, 104 Hawai'i at 379, 90 P.3d at 271.

Because the Commissioner was not required to determine whether it was permissible for IPM to bill State Farm as an agent of a provider, and because the Recommended Order and Final Order make no specific finding as to this issue, the Court finds that the Commissioner did not make such a finding.  Therefore, the allegations in the Complaint and Count III's request for declaratory relief cannot be construed as a collateral attack on the Final Order.  Accordingly, the Court has subject matter jurisdiction over the Complaint and IPM's Motion to Dismiss must be denied.

**II.  The Court Has Jurisdiction Over State Farm's Fraud Claims Regardless of any Determination in the Final Order.**

IPM asserts that State Farm's allegations of fraud (Counts I and II) "are mere window dressing intended to distract attention from the genuine substance of [State Farm's] Complaint."  Motion at 13.  State Farm counters that the Commissioner does not have exclusive jurisdiction over the statutory fraud claim, and has no jurisdiction over the common law fraud claim.  Opposition at 12.  The Court agrees with State

20

Farm, and finds that it has subject matter jurisdiction over
Counts I and II.

Counts I and II were plainly not at issue before the
Commissioner, and were not addressed in either the Recommended
Order or the Final Order.  The Hearings Officer explained that
the issue before him dealt solely with the propriety of State
Farm's denial of the claims in question on the basis of
insufficient documentation.  Motion Ex. 5 at 2-3.  Thus, the
allegations of statutory insurance fraud and common law fraud had
not even been raised.  Therefore, the Court finds that the fraud
claims are independent of any issues raised before the Hearings
Officer or Commissioner.  Further, assuming arguendo that the
Commissioner did make a determination as to IPM's ability to bill
State Farm as an agent of WorkStar, such a determination would
not preclude State Farm from raising its fraud claims in this
action.[13]

Moreover, neither fraud claim requires any initial
adjudication before the insurance commissioner.  First, as to the

---

[13] In other words, even if the Commissioner determined that
IPM was legally permitted to bill State Farm as an agent of a
provider, State Farm could just as freely bring its claims of
insurance fraud and common law fraud based on allegations that
IPM was in fact improperly dispensing medication.  The
determination of IPM's ability to bill State Farm would have no
impact on whether it committed fraud in its representations as
part of that billing.  Thus, the Court disagrees with IPM's
argument that all of the relief requested by State Farm hinges on
a declaratory ruling as to Count III.  See Motion at 13.

statutory fraud claim, State Farm correctly points out that the
statute itself provides a right of action in court:

> An insurer shall have a civil cause of action to recover
> payments or benefits from any person who has
> intentionally obtained payments or benefits in violation
> of this section.

H.R.S. § 431:10C-307.7(f).   Second, there is no provision
providing that the Insurance Commissioner would have any
jurisdiction (let alone exclusive jurisdiction) over the common
law fraud claim where, as here, the insurance claims were not
denied.[14/]   See id. § 431:10C-212(b) ("The commissioner has
jurisdiction to review any denial of personal injury protection
benefits." (emphasis added)).

     Therefore, the Court finds that it has subject matter
jurisdiction over Counts I and II of the Complaint.   Accordingly,
the Court further denies IPM's Motion to Dismiss as to Counts I
and II.   As a result, the Court denies the Motion to Dismiss in
its entirety.

---

     [14/] In alleging the statutory fraud claim, State Farm is not
precluded from also asserting its common law fraud claim.   H.R.S.
§ 431:10C-307.7(e) ("This section shall not supersede any other
law relating to theft, fraud, or deception.   Insurance fraud may
be prosecuted under this section, or any other applicable
section, and may be enjoined by a court of competent
jurisdiction.").

**III. Considerations of Prudential Exhaustion do not Require the Court to Decline Jurisdiction.**

In the alternative, IPM asserts that, even if this Court can exercise jurisdiction over State Farm's claims (i.e., because there is no impermissible attack), the Court should decline to do so as a matter of discretion. <u>See</u> Motion at 12. Thus, IPM argues, the Court should employ a prudential exhaustion requirement that State Farm first exhaust any and all administrative remedies before the Insurance Commission before proceeding in this Court. <u>Id.</u> The Court finds, however, that a prudential exhaustion requirement is unnecessary here.

"Judicially-imposed or prudential exhaustion is not a prerequisite to the exercise of jurisdiction, but rather is 'one among related doctrines-including abstention, finality, and ripeness-that govern the timing of federal-court decisionmaking.'" <u>Sarei v. Rio Tinto, PLC</u>, 550 F.3d 822, 828 (9th Cir. 2008) (en banc) (quoting <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992)). Although prudential exhaustion is a discretionary decision, imposing a prudential exhaustion requirement may be "'an abuse of discretion . . . when resort to the administrative route is futile or the remedy inadequate.'" <u>Vaught v. Scottsdale Healthcare Corp. Health Plan</u>, 546 F.3d 620, 626-27 (9th Cir. 2008) (quoting <u>Amato v. Bernard</u>, 618 F.2d 559, 568 (9th Cir. 1980)).

Imposing a prudential exhaustion requirement may be appropriate where:

> "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

Gonzales v. Department of Homeland Sec., 508 F.3d 1227, 1234 (9th Cir. 2007) (quoting El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 747 (9th Cir. 1992)).

Addressing each of these considerations, the Court finds that a prudential exhaustion requirement is unnecessary and improper in the instant matter.  The Court notes that the administrative scheme itself does not require review of State Farm's claims by the Insurance Commissioner.  Hawai'i law provides that a dispute over a denial of PIP benefits may be brought in at least three forums:  in an administrative hearing before the Commissioner pursuant to H.R.S. § 431:10C-212; by seeking resolution before an arbitrator pursuant to H.R.S. § 431:10C-213; or by filing a civil suit pursuant to H.R.S. § 431:10C-314.[15]

---

[15] Although the administrative hearing option is explicitly limited to situations where benefits have been denied, the arbitration and civil suit options are available in any dispute over a motor vehicle insurance policy.  See H.R.S. § 431:10C-212(a) (limiting review by the Commissioner over disputes involving the "denial of benefits"); H.R.S. § 431:10C-213 (providing for the arbitration option in "any dispute relating to

Thus, although the Commissioner surely has expertise in insurance disputes, the administrative scheme itself plainly permits a dispute over a motor vehicle insurance policy to be brought elsewhere.  Therefore, the Commissioner's expertise is not necessary, and the filing of a civil suit over a dispute such as this one is in accord with the administrative scheme itself. Finally, review by the Commissioner would not preclude the need for judicial review here.  IPM has not provided, and the Court cannot locate, any authority suggesting that the Commissioner could even exercise jurisdiction over State Farm's common law fraud claim,[16] especially because State Farm did not deny the claims that are the subject of this suit.  See McClellan Decl. ¶ 5 (representing that State Farm paid all of the relevant claims); H.R.S. § 431:10C-212(b) ("The commissioner has jurisdiction to review any denial of personal injury protection benefits." (emphasis added)).  Accordingly, the Court finds that a prudential exhaustion requirement is unnecessary here and would be inadequate to resolve State Farm's claims.

------------------------

a motor vehicle insurance policy"); H.R.S. § 431:10C-314 (providing for the option to file a civil suit "for breach of any contractual obligation" under a motor vehicle insurance policy). Thus, State Farm is clearly allowed to choose among these options in asserting its claims.

[16] IPM has also not shown that the Commissioner has the authority to award any damages under either of State Farm's fraud claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant IPM's Motion to Dismiss as to all Counts.  The Court finds that it has subject matter jurisdiction in this matter because State Farm's Complaint does not constitute an impermissible collateral attack on the Insurance Commissioner's Final Order as to attorney's fees.  Further, the Court has subject matter jurisdiction over IPM's statutory and common law fraud claims regardless of any determination as to IPM's ability to act on behalf of WorkStar and other providers.  Finally, it is unnecessary and improper for the Court to impose on State Farm any prudential exhaustion requirement.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, August 11, 2009.



_____
Alan C. Kay
Sr. United States District Judge

State Farm Mut. Automobile Ins. Co. v. Indus. Pharmacy Mgmt., Civ. No. 09-00176 ACK-KSC, Order Denying Defendant Industrial Pharmacy Management's Motion to Dismiss.

26